UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

In re:  Chad Brooks Turnbow and
        Vadis Mae Turnbow

    Debtors           CASE NO. 09-50899
                   CHAPTER    7


Chase Bank USA, N.A.

    Plaintiff

vs.

Chad Brooks Turnbow

    Defendant         Adv. Proc. No. 09-5048

---

**MEMORANDUM-OPINION**

---

   THIS ADVERSARY PROCEEDING is before the Court after the conclusion of a trial on the merits of the cause of action brought by Plaintiff against Defendant Chad Brooks Turnbow ("Defendant") under 11 U.S.C. § 523(a)(2).  For the reasons set forth below, the Court determines that Defendant's debts to Plaintiff are dischargeable.  By virtue of 28 U.S.C. § 157(b)(2)(I), this is a core proceeding.  The following constitutes the Court's Findings of Fact and Conclusions of Law pursuant to Federal Rule of Bankruptcy Procedure 7052.

FINDINGS OF FACT

   Defendant, along with his wife, Vadis Mae Turnbow, filed their joint Chapter 7 bankruptcy petition on July 31, 2009.  During the 90 days preceding the filing of the petition, Defendant made several purchases using, and took one $650.00 cash advance from, the credit card issued to him by Plaintiff.  Of particular significance in this Adversary Proceeding, on June 18, 2009, Defendant used the credit card to purchase a lawn mower for $8,012.54 (the "Lawn Mower").

At the trial upon the merits in this matter, Defendant and Mrs. Turnbow both testified credibly that the credit card was used primarily for expenses related to Defendant's lawn care business and that they fully intended to repay the debt to Plaintiff at the time the card was used. They testified, credibly, that they made regular payments on the credit card and that they only filed their bankruptcy petition because another creditor had accelerated its loan and taken possession of the business assets. They testified, credibly, that they had done all that they felt that they could to preserve the lawn care business, including using their own personal savings to fund it, and that had such other creditor not taken the assets of the business they would probably still be trying to keep the business alive. Plaintiff did not proffer any testimony to contradict the Turnbows' testimony regarding their intent and, in fact, the credit card account records submitted by Plaintiff into evidence shows that at least two payments were made to Plaintiff in the period in question, apparently after the purchase of the Lawn Mower.

Business records submitted into evidence show that Defendant's lawn care business ran at a loss of $1,135.00 in January 2009, $2,113.50 in February 2009, $1,268.00 in March 2009, $197.00 in April 2009 and $9,419.50 in June 2009. The business earned a profit of $2,125.00 in May 2009, the month preceding the purchase of the Lawn Mower. Defendant and Mrs. Turnbow testified, credibly, that repair and maintenance expenses contributed significantly to the losses in several months and that the $9,419.50 loss in June 2009 largely reflects the purchase price of $8,012.54 for the Lawn Mower. The credit card account records submitted by Plaintiff in fact show substantial purchases in the months in question that appear to be for parts and/or service to lawn care equipment.

CONCLUSIONS OF LAW

Plaintiff seeks denial of a discharge to Defendant under 11 U.S.C. § 523(a)(2)(A). To prevail, Plaintiff must prove each of the elements of that section of the Bankruptcy Code by a preponderance of the evidence. *See Grogan v. Garner*, 498 U.S. 279, 291 (1991). The Bankruptcy Code should be construed liberally in favor of the debtor. *Keeney v. Smith (In re Keeney)*, 227 F.3d 679, 683 (6th Cir. 2000).

To obtain an exception from discharge under 11 U.S.C. § 523(a)(2)(A), a plaintiff must prove each of the following essential elements: (1) the debtor obtained money through a material

misrepresentation that, at the time, the debtor knew was false or made with gross recklessness as to its truth; (2) the debtor intended to deceive the creditor; (3) the creditor justifiably relied on the false representation; and (4) the creditor's reliance was the proximate cause of loss. *See Rembert v. AT&T Universal Card Servs., Inc. (In re Rembert)*, 141 F.3d 277, 280-81 (6th Cir. 1998). The debtor's intent is assessed by a subjective standard looking at the totality of the circumstances, and all exceptions to discharge are to be strictly construed against the creditor. *Id.* at 281-282.

Plaintiff asserts that Defendant made "numerous charges and took a cash advance, totaling $13,035.40" within 70 to 90 days prior to filing bankruptcy and that the same constituted non-dischargeable debt to Plaintiff under 11 U.S.C. § 523(a)(2)(A). Although Plaintiff complains generally of a cash advance of $650.00[1] and certain credit card purchases of unspecified luxury goods, Plaintiff's case primarily relies upon Defendant's credit card purchase of the Lawn Mower, which Plaintiff asserts should be presumed to be non-dischargeable under 11 U.S.C. § 523(a)(2)(A) by virtue of 11 U.S.C. § 523(a)(2)(C). Based on the credible testimony of Defendant and Defendant's wife, and Plaintiff's failure to provide any evidence otherwise, the Court must conclude that the Lawn Mower did not constitute a "luxury good" within the meaning of 11 U.S.C. § 523(a)(2)(C)(ii). Defendant clearly purchased the Lawn Mower for his lawn care business.

Moreover, it is clear from the evidence submitted that Defendant fully intended to repay the debt to Plaintiff incurred to purchase the Lawn Mower as well as the other credit card charges. While Defendant's business had operated at a loss for several months prior to the purchase of the lawn mower, the two months immediately prior to the purchase were either marginally profitable or close to profitable. And, at least some of the costs of the business were driven by repairs of older mowing equipment, which costs would be obviated by the purchase of a new mower. Defendant and Defendant's wife both testified, credibly, that they intended to repay the debt to Plaintiff and that it was only the unanticipated acceleration of a debt by another creditor that forced them to file their bankruptcy petition. Defendants also testified, credibly and without dispute from Plaintiff, that they had made regular payments on the credit card issued by Plaintiff. Plaintiff's own evidence shows that Defendant made at least two payments on the credit card during the period in question.

---

[1]The Court notes that under 11 U.S.C. § 523(a)(2)(C)(i)(II), cash advances must aggregate more than $825.00 to be presumed non-dischargeable.

For the foregoing reasons, the Court concludes that Plaintiff has failed to meet its burden of proof of demonstrating that Defendant should be denied a discharge of his debt to Plaintiff under 11 U.S.C. § 523(a)(2)(A).

A separate Order consistent with the foregoing has been entered in accordance with Federal Rule of Bankruptcy Procedure 9021.